UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
(Newark)

| | |
|---|---|
| IN RE:<br>EUGENE R. VIOLA,<br><br>　　　　　　　Debtor. | Case No. 24-15557-JKS<br><br>Chapter 7 |
| FIRST NATIONAL BANK OF OMAHA,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>EUGENE R. VIOLA,<br><br>　　　　　　　Defendant. | **COMPLAINT SEEKING EXCEPTION TO DISCHARGE PURSUANT TO 11 U.S.C. §523 (a) (2) (C) and/or §523 (a) (2) (A)**<br><br>A.P. No. 24-ap-_____.<br><br>Hon. Judge Sherwood |

　　　The Plaintiff, First National Bank of Omaha, by and through its attorney, and for its Complaint against the Debtor, avers and alleges as follows:

### I. Parties and Jurisdiction

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §1334 and §157.
2. This matter is a core proceeding pursuant to 28 U.S.C. §157.
3. The Debtor filed a Petition, and an Order for Relief was entered under 11 U.S.C Chapter 7 on December 8, 2022.
4. The Plaintiff is a named creditor in the above referenced bankruptcy proceeding and is objecting to the discharge of a debt in this bankruptcy.
5. The Plaintiff consents to entry of final orders or judgment by the bankruptcy court.

### II. Facts and Background

6. The Debtor, Eugene R. Viola, was issued a "Dodge/Drive Plus" credit card account by First National Bank of Omaha, number xxxx-xxxx-xxxx-4544, which account was opened on March 8, 2017.
7. On March 27, 2024, the account was in good standing and the balance of the abovementioned account was $0.00.
8. Between March 27, 2024 and April 19, 2024, i.e., in less than a month, the Debtor started charging excessively and charged $2,466.82 on the Account, which reached the Debtor's credit limit.

*See* Exhibit A, a true and accurate copy of the billing statements attached hereto.

9. The Debtor's charges on the account during this time period, included, but were not limited to:
    a) A charge to York Motors in the amount of $1,471.41;
    b) A charge to Omni Waste in the amount of $700.00; and
    c) A charge to Omni Waste in the amount of $193.20.

*See* Exhibit A, a true and accurate copy of the billing statements attached hereto.

10. The Debtor never made a single payment on this Account after the above-charging and prior to filing bankruptcy.
11. The Debtor has previously filed for bankruptcy protection three times previously.
12. The Debtor received his bankruptcy counseling on April 12, 2024.
13. The Debtor was rarely using this Account before the above-charging.
14. Given the Debtor's monthly income, monthly living expenses, and circumstances as set forth in his sworn Schedules and sworn Statement of Financial Affairs, at the time the Defendant incurred the abovementioned $2,466.82 in charges, the Debtor's monthly disposable income was not sufficient to pay for these transactions pursuant to the terms and conditions associated with the account.

### III. First Cause of Action

15. Paragraphs 1 through 14 are hereby repeated and incorporated as if fully set forth herein.
16. Pursuant to the account agreement, the Debtor agreed to repay Plaintiff for the charges on the account by using the card and represented that he had the ability to repay for the charges.
17. When the Debtor made the $2,466.82 in transactions on this account, the Debtor represented that he had the intention to repay said debt to the Plaintiff pursuant to the terms of the account agreement and by use of the card.

18. The account statements are marked Exhibit A, and attached hereto.
19. The Plaintiff relied upon the Debtor's representations of intent to repay the Plaintiff pursuant to the terms of the account agreement and representations of agreement to abide by the terms of the account agreement in allowing the Debtor to use this account and incur the charges on the Account, as set forth in Exhibit A, attached hereto.
20. Although the Debtor knew or should have known that he would not be able to repay Plaintiff for these charges, the Debtor continued using the card.
21. The Debtor went from rarely using this Account for several months to using all of the credit in less than a month, was making large transactions, never made a single payment, , and then filed for bankruptcy protection a fourth time attempting to have this debt discharged.
22. There has been no change in Debtor's financial condition.
23. The Debtor either deliberately intended to deceive Plaintiff or acted recklessly with regard to his ability to pay Plaintiff for the $2,466.82 in transactions.
24. The Plaintiff monitored the Defendant's card activity and credit worthiness on a monthly basis and there were no indications and/or "red flags" indicating that Defendant would not repay Plaintiff for these charges.
25. The Plaintiff was justified in its reliance upon the Debtor's representations of intent to repay the Plaintiff pursuant to the terms of the account agreement and representations of agreement to abide by the terms of the account agreement.
26. The Debtor incurred the abovementioned $2,466.82 in transactions on the Plaintiff's account at a time when the Debtor was unable to meet his existing financial obligations as they became due.
27. Based upon the above, at the time the Debtor incurred the abovementioned $2,466.82 in transactions, the Debtor intended to deceive the Plaintiff in that he either had no intention to repay said debt to the Plaintiff pursuant to the terms of the account agreement or the Debtor knew or should have known that he had no ability to repay said debt to the Plaintiff.
28. Based upon the above, at the time the Debtor incurred the abovementioned $2,466.82 in transactions, the Debtor deceived the Plaintiff in that he made such representations of intent to repay the Plaintiff pursuant to the terms of the account agreement and representations of agreement with knowledge that the debtor was unable to repay Plaintiff or to abide by the terms of the account agreement with a reckless disregard as to the truthfulness of said representations.

29. Therefore, the Debtor obtained said money from the Plaintiff by false pretenses, false representation, or actual fraud, and at the time of filing, the debt owed to the plaintiff was in the amount of $2,466.82 and for the above reasons, this indebtedness to Plaintiff, First National Bank of Omaha, is nondischargeable in bankruptcy pursuant to 11 U.S.C. §523 (a) (2) (A).

## VI. Prayer for Relief

**WHEREFORE,** Plaintiff, First National Bank of Omaha, respectfully prays that this Court:

A. Determine that the Debtor's indebtedness to the Plaintiff is an exception to discharge pursuant to 11 U.S.C. §523 (a) (2) (C) and/or 11 U.S.C. §523 (a) (2) (A).

B. Grant judgment to the Plaintiff, First National Bank of Omaha, against the Debtor, Eugene R. Viola, the amount of $2,466.82 plus the $350.00 Adversary Proceeding filing fee, for a total of $2,816.82, plus the Plaintiff's other costs and disbursements incurred for the collection of this debt and of this action as permitted by applicable law, and

C. Grant the Plaintiff such other and further relief as to this Court seems just and proper.

Dated:  September 9, 2024

FEIN, SUCH, KAHN & SHEPARD, P.C.
*Attorney for Plaintiff*

By: /s/ Gregg P. Tabakin
Gregg P. Tabakin, Esq.